```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/30/06
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————— x

PHOENIX FOUR, INC.,

            Plaintiff,

- against -

STRATEGIC RESOURCES CORPORATION,
PAUL SCHACK, CHRISTIAN M. VAN PELT,
JAMES J. HOPKINS III, ROBERT H. ARNOLD,
R.H. ARNOLD & CO. INCORPORATED,
JOEL G. SHAPIRO, and JGS ADVISORS LLC

            Defendants.

————————————————————— x

Case No. 05 CV 4837 (HB)

**PROPOSED ORDER
DIRECTING ISSUANCE
OF A LETTER ROGATORY**

HAROLD BAER, JR., *District Judge*.

      This matter having come on for hearing upon the motion of Defendants Strategic Resources Corporation, Paul Schack, Christian M. Van Pelt, James J. Hopkins, III, Robert H. Arnold and R.H. Arnold & Co., Inc. ("RHAC"), for a letter rogatory seeking the deposition testimony of Jacques DeLodder, and it appearing that such a letter rogatory is appropriate,

      Now therefore, it is hereby ordered that the Clerk of this Court shall issue under the Court's seal the signed letter rogatory attached to this order, and transmit the signed, sealed letter rogatory to Kerri Ann Law, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, counsel for RHAC and Robert H. Arnold.

      SO ORDERED.

Dated: 5/30 , 2006

_____
Harold Baer, Jr.
United States District Judge

KL3:2494374.1

Submitted:

Dated: New York, New York
       February 1, 2006

| Mound Cotton Wollan & Greengrass | Kramer Levin Naftalis & Frankel LLP |
|---|---|
| By: s/ Mark S. Katz<br>    Mark S. Katz (MK-7200)<br>    Sanjit Shah (SS-0148) | By: s/ Kerri Ann Law<br>    Barry H. Berke (BB-1421)<br>    Kerri Ann Law (KL-2460)<br>    Jeremy A. Cohen (JC-6602) |
| One Battery Park Plaza<br>New York, New York 10004<br>Telephone: (212) 804-4200 | 1177 Avenue of the Americas<br>New York, New York 10036<br>Telephone: (212) 715-9100 |
| Attorneys for Defendants Strategic Resources Corporation, Paul Schack, Christian M. Van Pelt, James J. Hopkins, III | Attorneys for Robert H. Arnold & R.H. Arnold & Company |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
                                     :
PHOENIX FOUR, INC.,                  :
                                     :     Case No. 05 CV 4837 (HB)
                        Plaintiff,   :
                                     :
                  - against -              :     **DECLARATION IN SUPPORT OF**
                                     :     **DEFENDANTS' MOTION FOR**
STRATEGIC RESOURCES CORPORATION,   :     **THE ISSUANCE OF A LETTER**
PAUL SCHACK, CHRISTIAN M. VAN PELT,   :     **ROGATORY**
JAMES J. HOPKINS III, ROBERT H. ARNOLD,  :
R.H. ARNOLD & CO. INCORPORATED,          :
JOEL G. SHAPIRO, and JGS ADVISORS LLC   :
                                      :
                        Defendants.   :
———————————————————— x

        I, Kerri Ann Law, hereby declare:

        1.       I am a member of the law firm of Kramer Levin Naftalis & Frankel LLP, counsel for defendants R.H. Arnold & Co., Inc. ("RHAC") and its principal Robert H. Arnold (collectively with RHAC, the "Arnold Defendants").

        2.       I am fully familiar with the facts and circumstances stated herein and respectfully submit this affidavit in support of the motion by Defendants, pursuant to 28 U.S.C. § 1781, for the issuance of a letter rogatory to obtain deposition testimony related to this action from Jacques DeLodder, a citizen of Belgium.

        3.       A proposed order instructing the Clerk of this Court to issue a letter rogatory is attached as Exhibit A hereto.

        4.       The letter rogatory to be issued is attached as Exhibit B hereto. It asks the Ministry of Justice, Administration de la Legislation, in furtherance of justice and by the proper

and usual process, to cause Jacques DeLodder to submit to the deposition described in the letter rogatory.

5. Upon approval of the letter rogatory attached as Exhibit B hereto, Defendants will arrange to have it translated into French.

6. No previous application for the relief sought herein has been made.

7. WHEREFORE, Defendants respectfully request that this Court order, pursuant to 28 U.S.C. § 1781, that a letter rogatory be issued to seek the deposition testimony of Jacques DeLodder.

s/ Kerri Ann Law<br>
Kerri Ann Law

2

KL3:2494372.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
:
PHOENIX FOUR, INC.,                              :   Case No. 05 CV 4837 (HB)
:
Plaintiff,                    :   **REQUEST FOR INTERNATIONAL**
:   **JUDICIAL ASSISTANCE (LETTER**
- against -                   :   **ROGATORY)**
:
STRATEGIC RESOURCES CORPORATION,                 :
PAUL SCHACK, CHRISTIAN M. VAN PELT,
JAMES J. HOPKINS III, ROBERT H. ARNOLD,
R.H. ARNOLD & CO. INCORPORATED,
JOEL G. SHAPIRO, and JGS ADVISORS LLC

Defendants.

---------------------------------------------------------------- x


TO:   THE MINISTRY OF JUSTICE
      ADMINISTRATION DE LA LEGISLATION
      BOULEVARD DE WATERLOO 115
      1000 BRUSSELS, BELGIUM
      TEL. 32-2-542-6750


1.   Nature and Purpose of the Proceedings and Request

The United States District Court for the Southern District of New York presents its compliments to the Ministry of Justice, Administration de la Legislation, and requests international judicial assistance to obtain evidence for use in the trial of a civil proceeding presently pending before this Court, Phoenix Four, Inc. v. Strategic Resources Corporation, et al., No. 05 CV 4837 (HB). Specifically, this Court respectfully asks that, in the interests of justice, the Ministry of Justice, Administration de la Legislation compel the appearance of Jacques DeLodder of 60 Valkenisseweg, 2620 Hemiksem, Belgium at a deposition upon oral examination.

The plaintiff in this action is Phoenix Four, Inc. ("Phoenix"), a Bahamas mutual fund. Phoenix alleges various violations by its investment advisor, Strategic Resources Corporation ("SRC"), a second alleged investment advisor, R.H. Arnold & Co. ("RHAC"), and certain of its former directors, including Paul Schack, Christian M. Van Pelt, James J. Hopkins, III and Robert H. Arnold. The violations alleged by Phoenix include violations of United States securities laws, fraud, negligence, and breaches of contract and fiduciary duties.

### A.     The Purported Wrongdoing

According to Phoenix, all of its directors — including those not affiliated with SRC and RHAC — were involved in a scheme to approve on behalf of Phoenix transactions that would inure to the benefit of the directors or their respective companies. In order to justify such transactions, defendants allegedly inflated the value of the assets of Phoenix or its subsidiaries. Phoenix claims that defendants accomplished this by causing it to acquire interests in certain companies or projects, and then attributing to such interests values in excess of their actual worth.

For example, based on alleged advice from SRC and RHAC, Phoenix entered into an agreement in December 2001 to purchase an insurance company known as Insurent. The Complaint alleges that although the Insurent transaction did not close until March 18, 2002, Phoenix's financial statement for the year ended December 31, 2001 recorded the value of Phoenix's interest in Insurent as worth $26.7 million. The next year, at a February 5, 2003 board meeting, Phoenix's directors allegedly unanimously approved a $57 million value for Phoenix's interest in Insurent. Phoenix contends that this valuation was "based on a $30 million increase in value in one month [from January 2003] and inconsistent reports on the independent valuations[.]" BDO International ("BDO"), a third-party accounting and auditing firm, allegedly insisted that Phoenix's consolidated financial statements for 2002 include a statement

2

"making clear the value assigned Insurent was excessive." Phoenix's claims that the entire board of directors was aware of BDO's opinion. Phoenix also alleges that SRC and RHAC did not disclose their interests in Insurent for more than one year after Phoenix had acquired an interest in that entity.

SRC also purportedly assigned "inflated, false and/or fraudulent" values to other projects in which Phoenix had an interest. According to Phoenix, the values assigned to those properties were fraudulent simply because they exceeded values assigned by unnamed third-parties.

Phoenix further alleges that in May 2003, it appointed SRC as its custodian and Bahamas representative, and entered into an agreement with SRC specifying the terms of that engagement. On that same day, SRC, Phoenix, and Fidelity entered into an agreement pursuant to which SRC delegated its duties as custodian to Fidelity. Under that tripartite agreement, SRC agreed to pay Fidelity for its services, and Phoenix agreed to reimburse SRC. Nonetheless, Phoenix alleges that it paid both SRC and Fidelity for services that only Fidelity performed.

Additionally, Phoenix alleges that Phoenix's new board met on April 22 and April 23, 2004, and "voted to suspend all payments to third parties (other than property-related accounts) for a two week period." The Board also "voted to require SRC to seek, and obtain, approval of two Board members before it made any payments, including payments to itself, in excess of $50,000."

### B. DeLodder's Involvement and Knowledge

DeLodder's testimony is critical to a just resolution of this action. According to Phoenix's complaint, DeLodder was involved with Phoenix as an independent member of

3

Phoenix's Board of Directors. In this capacity, DeLodder was uniquely positioned to have knowledge of and provide testimony concerning the allegations made by Phoenix.

For example, the Complaint (at paragraph 68) alleges that in 2002, DeLodder pressed SRC to reduce the fees it charged to Phoenix. The Complaint (at paragraph 73) also alleges that there was certain action taken to determine whether SRC's investment advisory contract should be amended and/or was amended to reduce the fees contained in the original agreement. According to the Complaint, DeLodder voted in favor of such an amendment. Because there is a dispute as to whether this amendment was ever effective and whether certain outside consultants and auditors were informed of the fee negotiations, DeLodder is in a position to provide testimony on this topic.

The Complaint further alleges that the directors routinely approved self interested payments to themselves or their companies. As an example, Phoenix claims that in 1996, DeLodder received $75,000 in "monies expended at the inception and formation of" Phoenix. (Complaint 90). DeLodder can testify concerning this transaction and the disclosures made by Phoenix's directors.

The Complaint also alleges that the directors approved of artificially inflated valuations of Phoenix assets. DeLodder would be able to testify concerning these valuations, including concerning the information considered by the directors in approving of any such valuations.

2.  Names and Addresses of the Parties and Their Representatives

The parties and their representatives are listed in Schedule A hereto. The applicants for this Request for International Judicial Assistance (Letter Rogatory) were defendants SRC, Paul Schack, Christian M. Van Pelt, James J. Hopkins, III, Robert H. Arnold and RHAC.

4

-KL3:2493048.2

3. <u>Evidence to Be Obtained</u>

It is requested that Jacques DeLodder provide testimony concerning the topics identified on Schedule B hereto.

4. <u>Costs</u>

Any costs incurred by the Ministry of Justice, Administration de la Legislation will be reimbursed by Arnold and RHAC. Arnold and RHAC's payment of any such costs is without prejudice to their ability to make a subsequent request, other than to Belgian authorities, to be reimbursed for these costs by other parties in this action.

5. <u>Reciprocity</u>

Pursuant to Title 28, Section 1782 of the United States Code, the United States District Court for the Southern District of New York is authorized and remains willing to provide similar assistance to the judicial authorities of Belgium.

Dated: New York, New York, USA
       5/30, 2006

_____
Harold A. Baer, Jr.
United States District Judge

5

-KL3:2493048.2

## SCHEDULE A

## NAMES AND ADDRESSES OF THE PARTIES AND THEIR REPRESENTATIVES

| Party | Represented by |
|---|---|
| Phoenix Four, Inc.<br>Norfolk House<br>Frederick Street<br>Nassau<br>Bahamas | Blair Fensterstock, Esq.<br>Fensterstock & Partners LLP<br>30 Wall Street<br>New York, New York 10005<br>USA<br>Tel. No.: (212) 785-4100<br>Fax No.: (212) 785-4040 |
| Strategic Resources Corporation<br>c/o<br>Mound Cotton Wollan & Greengrass<br>One Battery Park Plaza<br>New York, NY  10004-1482<br>USA<br>Tel. No.: (212) 804-4200<br>Fax No.: (212) 344-8066 | Mark S. Katz, Esq.<br>Sanjit Shah, Esq.<br>Mound Cotton Wollan & Greengrass<br>One Battery Park Plaza<br>New York, NY  10004-1482<br>USA<br>Tel. No.: (212) 804-4200<br>Fax No.: (212) 344-8066 |
| Paul Schack<br>c/o<br>Mound Cotton Wollan & Greengrass<br>One Battery Park Plaza<br>New York, NY  10004-1482<br>USA<br>Tel. No.: (212) 804-4200<br>Fax No.: (212) 344-8066 | Mark S. Katz, Esq.<br>Sanjit Shah, Esq.<br>Mound Cotton Wollan & Greengrass<br>One Battery Park Plaza<br>New York, NY  10004-1482<br>USA<br>Tel. No.: (212) 804-4200<br>Fax No.: (212) 344-8066 |
| Christian M. Van Pelt<br>c/o<br>Mound Cotton Wollan & Greengrass<br>One Battery Park Plaza<br>New York, NY  10004-1482<br>USA<br>Tel. No.: (212) 804-4200<br>Fax No.: (212) 344-8066 | Mark S. Katz, Esq.<br>Sanjit Shah, Esq.<br>Mound Cotton Wollan & Greengrass<br>One Battery Park Plaza<br>New York, NY  10004-1482<br>USA<br>Tel. No.: (212) 804-4200<br>Fax No.: (212) 344-8066 |

| Party | Represented by |
|---|---|
| James J. Hopkins III<br>c/o<br>Mound Cotton Wollan & Greengrass<br>One Battery Park Plaza<br>New York, NY 10004-1482<br>USA<br>Tel. No.: (212) 804-4200<br>Fax No.: (212) 344-8066 | Mark S. Katz, Esq.<br>Sanjit Shah, Esq.<br>Mound Cotton Wollan & Greengrass<br>One Battery Park Plaza<br>New York, NY 10004-1482<br>USA<br>Tel. No.: (212) 804-4200<br>Fax No.: (212) 344-8066 |
| Robert H. Arnold<br>c/o<br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>USA<br>Tel. No.: (212) 715-9100<br>Fax No.: (212) 715-8000 | Barry H. Berke, Esq.<br>Kerri Ann Law, Esq.<br>Jeremy A. Cohen, Esq.<br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>USA<br>Tel. No.: (212) 715-9100<br>Fax No.: (212) 715-8000 |
| R.H. Arnold & Co.<br>c/o<br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>USA<br>Tel. No.: (212) 715-9100<br>Fax No.: (212) 715-8000 | Barry H. Berke, Esq.<br>Kerri Ann Law, Esq.<br>Jeremy A. Cohen, Esq.<br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>USA<br>Tel. No.: (212) 715-9100<br>Fax No.: (212) 715-8000 |

KL3:2493048.2

## SCHEDULE B

## TESTIMONY TO BE PROVIDED

In the interest of justice, it is proposed that Jacques DeLodder give testimony on the following issues and matters:

1. The work performed by Phoenix's Board of Directors, including (i) meetings; (ii) discussions, (iii) decisions, (iv) disclosures, (v) fees paid; and (vi) selection of members.

2. The relationship between Phoenix and RHAC, including services provided, fees paid, alleged misrepresentations by RHAC and agreements entered between RHAC and Phoenix.

3. The relationship between Phoenix and SRC, including services provided, fees paid, alleged misrepresentations by SRC and agreements entered between RHAC and SRC.

4. Valuations, appraisals and financial reports concerning Phoenix, its subsidiaries and its investments.

5. The calculation of Phoenix's net asset value per share.

6. Phoenix's budget and expenses.

7. Transactions in which any of the defendants or any of the non-defendant directors had an alleged conflict of interest.

8. The issuance, redemption and suspension of the sale of Phoenix shares.

9. Phoenix's investment, including but not limited to (i) Insurent Agency Corporation and related entities; (ii) RiverAir LLC; and (iii) RiverAir Holding LLC.

10. Phoenix's relationship and agreements with (i) Fortis Fund Services Limited, (ii) Fidelity Merchant Bank and Trust Limited, (iii) FTI Consulting, Inc., and (iv) JGS Advisors LLC and Joel Shapiro.

11. Phoenix's organizational documents.

12. Registration of Phoenix under the Investment Company Act and compliance with the Investment Company Act and the Investment Advisors Act.