UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PHOENIX FOUR, INC.,                                  :
                                                     :
                              Plaintiff,                    :    No. 05 CIV. 4837 (HB)
                                                     :
                           - against-                      :    **OPINION & ORDER**
                                                     :
STRATEGIC RESOURCES CORPORATION,                     :
PAUL SCHACK, CHRISTIAN M. VAN PELT,                  :
JAMES J. HOPKINS III, ROBERT H. ARNOLD,              :
R.H. ARNOLD & CO. INCORPORATED,                      :
JOEL G. SHAPIRO, and JGS ADVISORS LLC,               :
                                                     :
                            Defendants.                   :
------------------------------------------------------------------------X

**Hon. HAROLD BAER, JR., District Judge:**

       Defendants Strategic Resources Corporation ("SRC"), Paul Schack, Christian M. Van Pelt, and James J. Hopkins III (collectively the "SRC Defendants") move this Court for an Order: (i) compelling plaintiff Phoenix Four, Inc. ("Phoenix") to provide substantive responses to their Requests for Admission and First and Second Sets of Interrogatories; or, in the alternative, (ii) deeming those Requests for Admission admitted and precluding Phoenix from introducing at trial evidence responsive to those Interrogatories; and (iii) granting them attorneys' fees and costs associated with bringing this motion. For the reasons set forth below, Phoenix's motion is GRANTED in part and DENIED in part.

## I.  BACKGROUND

       On August 25, 2005, I issued a Pretrial Scheduling Order ("PTSO") that set March 12, 2006, as the deadline for the completion of all but expert discovery. On February 8, 2006, I granted the SRC Defendants' request to extend the discovery deadline by thirty days, and also noted that discovery could continue even after the expiration of the extended deadline.

       Also on February 8, 2006, the SRC Defendants served Phoenix with their First Set of Interrogatories and Requests for Admission. Phoenix responded to this discovery request on March 17, 2006. It interposed several objections to the SRC Defendants' two requests for admission and, according to the SRC Defendants, failed to provide any meaningful or substantive response to six of the thirteen interrogatories.

1

On April 20, 2006, the SRC Defendants served a second set of nine interrogatories on Phoenix. On April 24, 2006, Phoenix wrote to the SRC Defendants that, because the interrogatories were not timely served, Phoenix would not respond to them. On May 8, 2006, in response to a letter from the SRC Defendants that attempted to resolve the discovery disputes, Phoenix wrote that it would consider answering the untimely interrogatories once it had reviewed 172 additional boxes of documents produced by the SRC Defendants. As to the Requests for Admission and First Set of Interrogatories, however, Phoenix stated that it stood by its previous responses. This motion followed.

## II. DISCUSSION

### A. Phoenix's General Objections

In response to the SRC Defendants' First Set of Requests for Admission and Interrogatories, Phoenix interposed five general objections to the effect that the requests and interrogatories imposed disclosure obligations on it greater than those authorized under Federal Rules of Civil Procedure 26, 33, and 36. See Phoenix's Objections & Resps. to SRC Defs.' First Set of Reqs. For Admis. & Interrogs. ("Phoenix Objections"), Ex. 6 to Decl. of Mark S. Katz, counsel for SRC Defs. ("Katz Decl."), at 1-2.

As to Objections 2 through 4, Phoenix shall interpret the terms "Phoenix," "SRC," and "BDO International" as it has defined them in those objections. As to Objection 1, Phoenix shall follow Rules 26, 33, and 36 of the Federal Rules of Civil Procedure and Local Rules 26.3 and 33.3 of the United States District Court for the Southern District of New York in responding to the SRC Defendants' discovery requests. Objection 5 fails to meet the requirement of Rule 36 that the objection "be addressed to the specific matter with reasons 'therefore stated'" and accordingly, this Court shall ignore that objection. See Henry v. Champlain Enters., Inc., 212 F.R.D. 73, 80 (N.D.N.Y. 2003).

### B. Requests for Admission

The SRC Defendants served Phoenix with the following requests for admission:

1. Admit that Phoenix contends that the values of only the following assets were "inflated, false and/or fraudulent:" Insurent, RiverAir, Shoppes@IV (sometimes called "Mall at IV"), Seacourt Pavilion, and Westminster Mall.

2. Admit that the only basis for Phoenix's claim that the values for Insurent, RiverAir, Shoppes@IV, Seacourt

2

> Pavilion, and Westminster Mall were "inflated, false and/or fraudulent" is that third parties appraised those assets at values other than those assigned by Phoenix.

SRC Defs.' First Set of Reqs. for Admis. & Interrogs. ("Defs.' First Set"), Ex. 5 to Katz Decl., at 3. Phoenix specifically objected that both requests for admission were not proper under Federal Rule of Civil Procedure 36 because the terms "inflated," "false," and "fraudulent" are not defined, the requests seek conclusions of law, and the requests seek privileged information, including attorney work product. See Phoenix Objections at 3.

First, the requests do not seek conclusions of law, but rather issues of fact, specifically: (i) whether Phoenix contends that the values of only the five named properties were allegedly "inflated, false and fraudulent;" and (ii) whether Phoenix contends that the only foundation for Phoenix's claim as to those five properties is that third parties appraised those assets at values other than those assigned by Phoenix. Second, Phoenix has failed to articulate a basis for its privilege objection "in terms of specific confidential communications or attorney work product." Diederich v. Dep't of the Army, 132 F.R.D. 614, 617 (S.D.N.Y. 1990). Phoenix shall either properly articulate such a basis, or respond to the requests with the understanding that the SRC Defendants use the words "inflated," "false," and "fraudulent" in the same way as Phoenix uses them in its amended complaint. See Defs.' Mem. in Supp. of Mot. to Preclude or Compel ("Defs.' Mem.") at 7.

### C. First Set of Interrogatories

The first two interrogatories in the SRC Defendants' First Set read as follows:

1. If Request for Admission No. 1 is denied, identify the other assets whose values Phoenix claims were "inflated, false and/or fraudulent."

2. If Request for Admission No. 2 is denied, state the basis for Phoenix's contention that the values for Insurent, RiverAir, Shoppes@IV, Seacourt Pavilion, and Westminster Mall were "inflated, false, and/or fraudulent."

Defs.' First Set at 3. Phoenix declined to respond, presumably because these interrogatories relate to the requests for admission to which it had objected. Phoenix shall either specify a basis for its privilege objection, or respond in accordance with the direction given at Section II.B supra.

Interrogatory 4 reads as follows:

> 4. What method of valuation was used in determining the value of each asset in Phoenix's portfolio?

Defs.' First Set at 4. Phoenix primarily objected that the information sought is within the SRC Defendants' sole knowledge because they established Phoenix's methods of valuation. See Phoenix's Mem. in Opp'n to Mot. to Preclude or Compel ("Phoenix Mem.") at 6. The SRC Defendants counter that Phoenix's Rule 26(a) disclosure identified Percy Pyne, Phoenix's current board chair, and Paul Hellmers, a current Phoenix board member, as having personal knowledge of valuations, appraisals, and financial reports concerning Phoenix's investments. See Defs.' Mem. at 11. Phoenix shall respond to the extent that Pyne and Hellmers have any knowledge of the methods of valuation used for Phoenix's assets for the time period at issue in the amended complaint.

Interrogatories 10 and 11 read as follows:

> 10. What method of valuation should have been used for Insurent?
>
> 11. What method of valuation should have been used for RiverAir?

Defs.' First Set at 4. Phoenix objected that these interrogatories impermissibly seek expert opinion. See Phoenix Objections at 7-8. In response, the SRC Defendants argue that they seek information as to the alleged factual bases for Phoenix's claims in this action and cite two cases holding that interrogatories directed to the evidentiary bases for claims are proper. See Defs.' Mem. at 12 (citing Dot Com Entm't Group, Inc. v. The Cyberbingo Corp., No. 04 Civ. 383A, 2006 WL 917693, at *1-2 (W.D.N.Y. Mar. 22, 2006); United States v. Nysco Labs, Inc., 26 F.R.D. 159, 162 (E.D.N.Y. 1960)). The cited cases are not pertinent here as I agree with Phoenix that Interrogatories 10 and 11 seek not facts but opinions. Nonetheless, Phoenix shall respond as to the method or methods by which Phoenix contends that these properties should have been valued to the extent these contentions underlay Phoenix's decision to bring this action. Such a response does not call for expert opinion and is well within Phoenix's ability to provide.

Interrogatory 13 reads as follows:

> 13. What were the prices at which the assets and/or investments listed in response to Interrogatory No. 12 were acquired, sold, transferred or otherwise disposed of?

4

Defs. First Set at 4. Phoenix responded that, because it would be equally burdensome for Phoenix as for the SRC Defendants to derive answers from documents, the answer may be ascertained from documents identified by Bates numbers PFI 62-145 and PFI 184-85 previously produced in this case. See Phoenix Objections at 9-10; Phoenix Mem. at 7. Federal Rule of Civil Procedure 33(c) provides that where the burden of deriving answers is "substantially the same for the party serving the interrogatory as for the party served," it is sufficient to specify the records from which the answer may be derived, so long as the specification is sufficiently detailed "to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." Phoenix shall specify, for each of the assets listed in answer to Interrogatory No. 12, the documents from which the answers to Interrogatory No. 13 may be derived.

### D. Second Set of Interrogatories

The SRC Defendants' Second Set of Interrogatories was not untimely as I had stated, on February 8, 2006, that discovery could continue even after the expiration of the extended deadline. Accordingly, Phoenix shall answer within 30 days of the date hereof.

### E. Attorneys' Fees and Costs

I see nothing in Phoenix's actions as to the discovery requests discussed here that warrants the imposition of sanctions. Accordingly, the SRC Defendants' motion for fees and costs is denied.

## III. CONCLUSION

The SRC Defendants' motion to compel is granted to the extent stated above. Their motion for attorneys' fees and costs is denied. The Clerk of the Court is instructed to close this motion and remove it from my docket.

**IT IS SO ORDERED.**
New York, New York
June ___, 2006

_____
U.S.D.J.