```
UNITED STATES DISTRICT COURT                          DOCUMENT
SOUTHERN DISTRICT OF NEW YORK                         ELECTRONICALLY FILED
                                                      DOC #: _____
------------------------------------------------------X DATE FILED: 8/1/06
PHOENIX FOUR, INC.,                                 :
                          Plaintiff,                : No. 05 CIV. 4837 (HB)
                                                    :
         - against-                                 : OPINION & ORDER
                                                    :
STRATEGIC RESOURCES CORPORATION,                    :
PAUL SCHACK, CHRISTIAN M. VAN PELT,                 :
JAMES J. HOPKINS III, ROBERT H. ARNOLD,             :
R.H. ARNOLD & CO. INCORPORATED,                     :
JOEL G. SHAPIRO, and JGS ADVISORS LLC,              :
                                                    :
                          Defendants.               :
------------------------------------------------------X
```

**Hon. HAROLD BAER, JR., District Judge:**[*]

Presently before the Court is the request of Phoenix Four, Inc. ("Phoenix") for $60,215.76 in satisfaction of an award of attorney's fees and costs that I granted against Strategic Resources Corporation ("SRC"), Paul Schack, Christian M. Van Pelt, James J. Hopkins III (collectively with SRC, the "SRC Defendants"), and their counsel, Mound Cotton Wollan & Greengrass ("Mound Cotton"). For the reasons given below, Phoenix's request is GRANTED IN PART in the sum of $45,161.82.

## I. BACKGROUND

On April 20, 2006, Phoenix moved for sanctions against the SRC Defendants and Mound Cotton for the destruction and late production of electronic evidence. On May 23, 2006, I granted in part the motion, and ordered the SRC Defendants and Mound Cotton to pay attorney's fees and statutory costs associated with bringing the motion, to be shared equally between them, and $10,000 each for the re-deposition of witnesses. See Phoenix Four, Inc. v. Strategic Resources Corp., No. 05 Civ. 4837, 2006 WL 1409413, at *9 (S.D.N.Y. May 23, 2006). I ordered Phoenix to extract the amount of attorney's fees and costs attributable to the motion from its time records, and submit the figure to me for approval. See id.

---

[*] Stephanie Oliva, a Summer 2006 intern in my Chambers, and currently a second year law student at Brooklyn Law School, provided substantial assistance in the research and drafting of this Opinion.

1

On June 14, 2006, Phoenix requested a total of $60,215.76 for attorney's fees and costs related to bringing the sanctions motion. It presented time records that indicated that its counsel had spent 154.8 hours on the motion, and billed it $59,264. It also listed disbursements for photocopies, court filing fees, and court reporter fees in the sum of $951.76.

On June 23, 2006, the SRC Defendants and Mound Cotton filed an opposition to Phoenix's request, contending that: (i) the hourly rates charged by Phoenix's counsel, Fensterstock and Partners ("Fensterstock"), are unreasonable for a firm of its size; (ii) the firm included charges unrelated to the motion for sanctions; (iii) the number of hours claimed for work on the motion is excessive; (iv) the firm overstaffed the work; (v) the firm's use of block billing resulted in the inclusion of unrelated charges and the inability to determine the number of hours actually related to the motion; and (vi) the firm did not substantiate the costs attributed to the motion. They maintain that Phoenix is entitled to a maximum amount of only $17,657.50.

On August 1, 2006, the same day on which this Order is issued, I dismissed Phoenix's amended complaint against the SRC Defendants, Robert H. Arnold, and R.H. Arnold & Company, Inc.,[1] for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## II. DISCUSSION

Even when a court has no power to adjudicate the merits of an action for lack of subject matter jurisdiction, it still retains the authority to impose sanctions. See Schlaifer Nance & Co., Inc. v. Estate of Warhol, 194 F.3d 323, 333 (2d Cir. 1999) (citations omitted). This is so because "the imposition of sanctions is an issue collateral to and independent from the underlying case." Id. (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395-96 (1990)). Accordingly, the parties' dispute over the amount of attorney's fees and costs associated with the sanctions motion is properly before me.

The district court has discretion to determine the amount of an award of attorney's fees and costs. See Chambers v. NASCO, Inc., 501 U.S. 32, 56-57 (1991). "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Blum v. Stenson, 465 U.S. 886, 888 (1984). In determining whether an hourly rate is reasonable, the court must look to the market

---

[1] Phoenix voluntarily dismissed all claims against Joel G. Shapiro and JGS Advisors LLC on August 18, 2005.

rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998) (quoting Blum, 465 U.S. at 896 n.11). In assessing the reasonableness of the number of hours claimed, the court must look first at the attorney's records documenting the time, and then to "its own familiarity with the case and its experience generally." DiFilippo v. Morizio, 759 F.2d 231, 236 (2d Cir. 1985); see Santa Fe Natural Tobacco Co. v. Spitzer, No. 00 Civ. 7274, 2002 WL 498631, at *3 (S.D.N.Y. Mar. 29, 2002) (citations omitted). If the court finds that the fee claimed is excessive, or that the time spent was wasteful or redundant, it may reduce the number of hours claimed or order an "across-the-board percentage reduction" in the number of compensable hours or in the fee award. Santa Fe Natural Tobacco Co., 2002 WL 498631, at *3; see Ass'n of Holocaust Victims for Restitution of Artwork and Masterpieces v. Bank Austria Creditanstalt AG, No. 04 Civ. 3600, 2005 WL 3099592, at *7 (S.D.N.Y. Nov. 17, 2005).

Here, two of the Fensterstock partners billed their time at $600 and $475 per hour respectively, a senior associate at $440 per hour, a junior associate at $325 per hour, a first-year associate at $295 per hour, and a paralegal at $195 per hour. While on the high side these rates are not excessive for a ten-person firm in this District. The National Law Journal's Winter 2005 survey of billing rates of the nation's 250 largest law firms lists rates for partners in New York firms from $260 to $830, and rates for associates from $140 to $555. Firm-By-Firm Sampling of Billing Rates Nationwide, The Nat'l L.J., Dec. 12, 2005, at S2. The rates charged by Fensterstock are below the upper range of the large firm rates. In addition, Fensterstock is an accomplished litigator generally and is experienced in complex commercial litigation.

I find, however, that Fensterstock has charged more hours than necessary to the sanctions motion. In particular, his time charges include the review of 172 boxes of documents produced late by the SRC Defendants. This time was improper since Fensterstock would have had to review these documents anyway. Moreover, the firm's use of block billing makes it impossible to identify the work specifically related to the motion, and separate it from unrelated work. Consequently, the requested total of $60,215.76 will be reduced by 25% to $45,161.82. Compare Ass'n of Holocaust Victims, 2005 WL 3099592, at *7, (fee award reduced by 25% for block billing, excessive hours, and vagueness in time entries); Sea Spray Holdings, Ltd. v. Pali Fin. Group, Inc., 277 F. Supp. 2d 323, 326 (S.D.N.Y. 2003) (reduction of 15% for block billing and excessive time entries); Gen. Elec. Co. v. Compagnie Euralair, S.A., No. 96 Civ. 0884, 1997

3

WL 397627, at *6 (S.D.N.Y. 1997) (reduction of 50% for overstaffing, excessive hours, and excessive hourly rates).

## III. CONCLUSION

Phoenix's request for attorney's fees and costs associated with bringing the motion for sanctions against the SRC Defendants and their counsel is granted in part in the sum of $45,161.82, to be paid equally by the SRC Defendants and Mound Cotton. The SRC Defendants' share may not be borne by their insurance carriers.

**IT IS SO ORDERED.**
New York, New York
August ____, 2006

_____
U.S.D.J.